**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES ELLIS SHORT, ) | |
|                 Petitioner, ) | |
| v. ) | Case No. CIV-06-582-HE |
|    ) | |
| JUSTIN JONES, DIRECTOR, ) | |
|    ) | |
|                 Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, initiated this action by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Respondent has filed a Motion to Dismiss Petition for Habeas Corpus for Failure to Exhaust State Court Remedies and Brief in Support [Doc. ##9-10].  Petitioner has filed a Reply to Motion to Dismiss [Doc. #12] and Supplement to his Reply [Doc. #13], and the matter is now at issue.  For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted unless Petitioner exercises leave of Court to either (1) file an amended habeas petition omitting his unexhausted claims or (2) file a motion to stay habeas proceedings pending exhaustion of state court remedies.

## **Relevant Case History**

Petitioner was convicted after jury trial in the District Court of Oklahoma County, State of Oklahoma, Case No. CF-2001-3911, of Assault and Battery with a Dangerous Weapon (Count I), Possession of a Firearm After Two or More Felony Convictions (Count II) and Aggravated Attempt to Elude an Officer After Two or More Felony Convictions

(Count III). Petitioner was sentenced to thirty years imprisonment on Count I, twenty years imprisonment on Count II and twenty years imprisonment on Count III, his sentences to run consecutively. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed Petitioner's conviction by opinion filed July 13, 2004.

Petitioner then filed an application for post-conviction relief on July 22, 2005. The district court denied his application on October 18, 2005. Petitioner untimely appealed the district court's denial of post-conviction relief and the OCCA declined to exercise jurisdiction over the appeal by order dated December 9, 2005. *See* Brief in Support of Motion to Dismiss, Ex. A, Docket, *Short v. State of Oklahoma*, PC-2005-1144.

On January 23, 2006, Petitioner, pursuant to Oklahoma procedure, filed an application for post-conviction relief requesting an appeal out of time. *See* Brief in Support of Motion to Dismiss, Ex. 2, Pro Se Application for Post-Conviction Relief. While that application was pending, on May 25, 2006, Petitioner filed the instant action. Five days later, on May 30, 2005, the state district court denied his application for post-conviction relief. *See* Brief in Support of Motion to Dismiss, Ex. 3, Order Denying Petitioner's Request for Recommendation of an Appeal Out of Time. In his Reply filed June 29, 2006, Petitioner alleged that he appealed to the OCCA the district court's denial of his request for an appeal out of time. *See* Reply at 2 (Petitioner "has now sent his Notice of Appeal to the District Court of Oklahoma County, and has mailed his Petition in Error and Brief in Support to the Oklahoma Court of Criminal Appeals."). In his Supplement filed July 18, 2006, Petitioner

advised the Court that the Deputy Clerk of the OCCA refused to file his Petition in Error and Brief in Support because Petitioner did not submit a pauper affidavit. The Court then entered an Order to Respondent [Doc. #14] directing Respondent to address this development in the state court proceedings. Respondent has submitted a Response to Court Order [Doc. #15] and attached a file-stamped copy of Petitioner's Petition in Error filed in the OCCA, reflecting a filing date of July 18, 2006. *See* Response [Doc. #15], Ex. 1.

Petitioner raises ten grounds for relief in this federal habeas action:

1. The trial court's denial of the requested self-defense instructions denied Petitioner due process of law;

2. The refusal to sever Count One from the other charges prejudiced Petitioner by preventing him from fully presenting his defense of self-defense to the assault and battery with a weapon charge;

3. The State's evidence was insufficient to support Petitioner's conviction for aggravated attempt to elude a police officer;

4. The trial court failed to instruct on a lesser included misdemeanor offense in relation to the charge of Aggravated Attempt to Elude a Police Officer;

5. Irrelevant and prejudicial other crimes evidence resulted in an excessive sentence;

6. The cumulative effect of the errors raised in Grounds One through Five deprived petitioner of a fundamentally fair trial;

7. Newly discovered evidence exists and the State failed to disclose exculpatory evidence depriving Petitioner of due process of law;

8. Trial counsel was ineffective for failing to investigate Petitioner's mental disability and failing to challenge the statutory presumption of competence;

9. Petitioner's procedural and substantive due process rights were violated because he was tried and convicted while incompetent; and

10. Appellate counsel was ineffective for failing to raise on direct appeal a claim of ineffective assistance of trial counsel based on trial counsel's failure to present evidence of Petitioner's mental disability.

Of these grounds for relief, Grounds One through Six were raised on direct appeal. Grounds Seven through Ten were raised in Petitioner's post-conviction proceedings.

## **Analysis**

"In order to obtain federal habeas corpus relief, a state prisoner must first exhaust the remedies available in the state courts." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999). *See also* 28 U.S.C. 2254(b)(1)(A) (requiring exhaustion of remedies available in the state courts). Respondent concedes that Petitioner has exhausted the claims raised in Grounds One through Six of the Petition. Respondent contends the claims raised in Grounds Seven through Ten are unexhausted.

Under Oklahoma law, where a petitioner fails to timely appeal the district court's denial of post-conviction relief, the petitioner may file an application for leave to appeal out of time. The application must be initiated in the district court. *See* Okla. Stat. tit. 22, § 18

app. Rule 2.1(E)(1). The petitioner may appeal the district court's denial to the OCCA. *Id*. The petitioner must obtain permission to file an appeal out of time from the OCCA before he may file the actual appeal. *Id*.

To obtain leave to appeal out of time, a petitioner must demonstrate that the failure to timely appeal was through no fault of his own. *Id*. (*citing Smith v. State*, 611 P.2d 276 (Okla. Crim. App. 1990)). In his application for post-conviction relief requesting an appeal out of time, Petitioner made the following allegations to support his burden of establishing the failure to timely appeal the district court's denial of post-conviction relief was through no fault of his own:

> When Petitioner received the District Court's Order denying him post-conviction relief, he immediately mailed a Pauperis Affidavit to the prison trust fund officer. However, when Petitioner did not receive a response, Petitioner hand delivered another Pauperis Affidavit to Mr. Williams, his case manager (no longer employed at the prison). Petitioner explained to Mr. Williams that he never received his Pauperis Affidavit back from the trust fund officer, and that his filing deadline was only a week away. Mr. Williams hand delivered Petitioner's second Pauperis Affidavit to the trust fund officer, but it was not returned to Petitioner until November 16, 2005, the day before his filing deadline. (See Attached Exhibit B) Petitioner mailed his pleadings the following day, on November 17, 2005 (See Attached Exhibit C), which were not received by the OCCA until November 21, 2005.

*See* Brief in Support of Motion to Dismiss, Ex. 2 at 2, ¶ 4. As Petitioner's allegations demonstrate, he may be able to establish the failure to timely appeal was through no fault of his own. *See Banks v. State*, 953 P.2d 344, 346 (Okla. Crim. App. 1988) ("Under our appeal out of time procedure, a delay in filing the appeal or even the inability to file the appeal – for

any reason, not just late mailing by prison officials – that is not the fault of the pro se prisoner, can result in relief.").

In his Reply, Petitioner alleged that he could not prove the failure to timely file an appeal was through no fault of his own. *See* Reply at 2. Petitioner appears to make this allegation so as to excuse his compliance with the exhaustion requirement under the futility exception. *See, e.g., Clayton v. Gibson*, 199 F.3d 1162, 1170 (10th Cir. 1999) ("The exhaustion requirement is not jurisdictional, however, and may be waived by the state or avoided by the petitioner if an attempt to exhaust would be futile."). But, Petitioner's conclusory allegation in his Reply is at odds with the more specific allegations presented to the state district court in his application for post-conviction relief requesting an appeal out of time. And, as set forth above, Petitioner's appeal of the district court's denial of his application has been filed in the OCCA and is currently pending there. Under these circumstances, whether Petitioner's failure to timely file an appeal was through no fault of his own should be decided, in the first instance, by the Oklahoma courts and Petitioner's allegations of futility should be rejected.[1]

Having concluded that Petitioner's claims raised in Grounds Seven through Ten are unexhausted, the Petition is a "mixed petition," containing both exhausted and unexhausted

---

[1] Neither party contends the Oklahoma courts would deem the claims raised in Grounds Seven through Ten procedurally barred and, therefore, that further presentation of the claims to the Oklahoma courts would be futile. *See Clayton*, 199 F.3d at 1170. Generally, the Oklahoma courts bar review of claims not presented on direct appeal where those claims could have been raised and were not. *See* Okla. Stat. tit. 22, § 1086. Because Petitioner purports to base these claims, at least in part, on newly discovered evidence, this Court cannot determine at this juncture whether the claims would be deemed procedurally barred.

claims. Ordinarily, when the petition is deemed a mixed petition it must be dismissed in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Brown v. Shanks*, 185 F.3d at 1125. As an alternative to dismissal, Petitioner may seek leave to amend the Petition to omit the unexhausted claims and proceed only with the exhausted claims. However, if Petitioner were to pursue such a course, Petitioner is cautioned that he may be precluded from pursuing the claims raised in Grounds Seven through Ten in a subsequent habeas petition. *See Tapia v. LeMaster*, 172 F.3d 1193 (10th Cir. 1999) (where habeas petitioner chose to pursue exhausted claims and abandon unexhausted claim, his attempt to raise the unexhausted claim in a subsequent petition was barred as successive); *see also* 28 U.S.C. § 2244(b)(2) (barring presentation of a claim in a second or successive habeas corpus application that was not presented in a prior application).

As an additional alternative, Petitioner has requested that the Court hold the Petition in abeyance pending exhaustion of his state court remedies. *See* Reply at 3 ("In the alternative, it is requested that this court hold this Petition in abeyance until the Petitioner has 'exhausted' his so-called state court remedies."). In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court addressed the circumstances pursuant to which a federal district court has discretion to stay a mixed habeas petition to allow the petitioner to present his unexhausted claims to the state courts. The Court began its analysis by recognizing that when it adopted the rule of *Rose v. Lundy* requiring dismissal of mixed petitions, there was no statute of limitations on habeas petitions and "petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their

perfected petitions with relative ease." *Rhines*, 544 U.S. at 274. The Court recognized the gravity of the problem created by the interplay between *Lundy's* dismissal requirement and the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). "Petitioners who come to federal court with "mixed petitions" run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id*. at 275. As the Court explained, if a petitioner files a timely but mixed petition in federal district court and the district court dismisses it under *Lundy*, the risk is great that the limitations period will likely preclude federal habeas review. This is true whether the dismissal occurs after the limitations period has expired or close to the end of the one-year period. And, even when a petitioner files the federal habeas action early, the risk is great that petitioner will not be able to refile the habeas petition within the one-year limitations period because the petitioner has no control over when the district court will resolve the exhaustion issue. *Id*. at 275.[2]

---

[2] If a stay were not granted, Petitioner runs the risk of his claims being barred from federal habeas review pursuant to the governing one-year limitations period. Under 28 U.S.C. § 2244(d)(1)(A), a habeas petition must be filed within one year of the date the prisoner's state court conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." The one-year limitation period began to run on October 11, 2004, when the time expired for Petitioner to file a petition for writ of certiorari to the Supreme Court from the OCCA's decision in his direct appeal. *See Locke v. Saffle*, 237 F.3d 1272, 1273 (10th Cir. 2001). The limitations period expired on October 11, 2005, absent statutory or equitable tolling. Petitioner filed his first application for post-conviction relief on July 22, 2005 and the limitations period was tolled through November 17, 2005. Petitioner filed his application for post-conviction relief seeking an appeal out of time in the district court on January 22, 2005. At that time, only 16 days remained prior to expiration of the one-year limitations period. The district court denied Petitioner's application on May 30, 2006. As set forth, Petitioner contends an appeal of the district court's denial is being pursued before the OCCA. If this is correct, Petitioner would have 16 days following
(continued...)

The Court concluded, therefore, that stay and abeyance should be available but only in limited circumstances. Abeyance is appropriate only when the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277. If abeyance is granted, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278.

Petitioner has made only a conclusory request for a stay and Respondent has not been given the opportunity to respond to such request. Should Petitioner request a stay in lieu of amendment or dismissal of his Petition, Petitioner must submit a motion for stay and demonstrate his entitlement to such a stay by addressing the factors set forth in *Rhines*.[3]

---

[2](...continued)
entry of the OCCA's order within which to refile a federal habeas action. However, if Petitioner has not pursued an appeal, statutory tolling would cease thirty days after the entry of the district court's order, or on June 29, 2006, and a subsequently filed habeas petition would be time-barred absent equitable tolling.

Petitioner contends at least some of his claims should be governed by 28 U.S.C. § 2244(d)(1)(D) because the factual predicate of those claims could not have been discovered until after the date his conviction became final. This issue need not be resolved at this stage in the proceedings but should be addressed if Petitioner proceeds with a request for a stay.

[3]Pursuant to *Rhines*, if the Court determines a stay is inappropriate, the Court should permit Petitioner to delete unexhausted claims and proceed with the exhausted claims if dismissal of the entire Petition would unreasonably impair Petitioner's right to obtain federal relief. *See Rhines* at 278.

**RECOMMENDATION**

It is recommended that Respondent's Motion to Dismiss Petition for Habeas Corpus for Failure to Exhaust State Court Remedies and Brief in Support [Doc. ## 9-10] be granted unless within twenty days of an order of the district court adopting this recommendation Petitioner exercises one of the following two options as permitted by the Court: (1) Petitioner files an amended habeas petition omitting his unexhausted claims; or (2) Petitioner files a motion to stay this habeas proceeding pending exhaustion of state court remedies. Should Petitioner exercise the latter option, Petitioner is required to address the factors warranting a stay as set forth above in the Court's discussion of *Rhines v. Weber*, 544 U.S. 269 (2005).

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August __9th__, 2006. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge.

ENTERED this __20th__ day of July, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE

11