## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES ELLIS SHORT,                )
                     Petitioner,   )
v.                                 )          Case No. CIV-06-582-HE
                                   )
JUSTIN JONES, DIRECTOR,            )
                                   )
                     Respondent.   )

### REPORT AND RECOMMENDATION

Petitioner, James Ellis Short, has filed a *pro se* petition for habeas corpus relief

pursuant to 28 U.S.C. § 2254 challenging his state court conviction on various federal

constitutional grounds.  It is recommended that his petition be denied.[1]

## I.    Case History

Petitioner was convicted in the District Court of Oklahoma County, State of

Oklahoma, Case No. 2001-3911, of the following criminal offenses: Assault and Battery with

a Dangerous Weapon (Count 1); Possession of a Firearm (Count 2); and Aggravated Attempt

to Elude a Police Officer (Count 5), all after former conviction of two or more felonies.

Petitioner was sentenced to thirty years imprisonment on Count 1, twenty years

imprisonment on Count 2 and twenty years imprisonment on Count 5, his sentences to run

consecutively. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals

(OCCA).  The OCCA affirmed the conviction by opinion filed July 13, 2004.  *See* Response

---

[1]Respondent initially moved to dismiss the Petition on exhaustion grounds as Petitioner had filed a mixed petition.  Based upon developments in state court proceedings during the pendency of this action, the district judge entered an Order [Doc. #21] denying Respondent's motion and allowed Petitioner to proceed with all claims raised in the Petition.  In filing his Response to the Petition, Respondent does not re-urge an exhaustion defense.

to Petition for Writ of Habeas Corpus [Doc. #24], Exhibit 3, OCCA Summary Opinion.

Petitioner then sought additional relief through state post-conviction proceedings but relief

was denied on procedural grounds.

## II.   Factual Background

On June 21, 2001, Petitioner shot his brother, Eddie Bourne, at a salvage yard in

Oklahoma County.  The shooting resulted in non-fatal injuries to Mr. Bourne.  At the time

of the shooting, both Petitioner and Bourne lived at the salvage yard.  Bourne lived in a 5th

wheel trailer with his girlfriend, Teresa Wadlow, and Petitioner lived approximately 100

yards away from Bourne's trailer in a converted bus.  Wadlow witnessed the shooting.

Five days after the shooting, police responded to a call requesting apprehension of

Petitioner as the suspect responsible for the shooting.  When the officer arrived on the scene,

Petitioner fled in his vehicle and the officer gave chase.  Petitioner abandoned his vehicle

during the chase and was ultimately apprehended by police.  Police searched Petitioner's

vehicle and found a gun and drugs.  Additional facts will be discussed as relevant to the

claims raised.

## III.   Grounds for Habeas Corpus Relief

Petitioner brings the following ten grounds for federal habeas corpus relief: (1) the

trial court's denial of self-defense instructions as to Count 1, Assault and Battery with a

Dangerous Weapon, violated Petitioner's Sixth and Fourteenth Amendment rights; (2) the

trial court's refusal to sever Count 1 from the remaining charges violated Petitioner's due

process rights; (3) the evidence was insufficient to support the conviction for Aggravated

Attempt to Elude a Police Officer in violation of Petitioner's due process rights; (4) the trial court's failure to instruct on the lesser included misdemeanor offense of Attempt to Elude a Police Officer violated Petitioner's due process rights; (5) the admission of other crimes evidence denied Petitioner a fair trial and resulted in an excessive sentence; (6) cumulative error denied Petitioner a fundamentally fair trial; (7) newly discovered evidence establishes the state failed to disclose exculpatory evidence in violation of Petitioner's due process rights (8) trial counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights by failing to investigate Petitioner's mental disability; (9) Petitioner's substantive and procedural due process rights were violated because he was not competent to stand trial; and (10) appellate counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights by failing to present the issue of Petitioner's mental competency on direct appeal.

Petitioner raised grounds one through six on direct appeal. He raised the remaining grounds in post-conviction proceedings.[2]

---

[2]Neither party has provided the Court with a copy of Petitioner's application for post-conviction relief. Both parties have represented to this Court, however, that grounds seven through ten were raised during state post-conviction proceedings. Petitioner did submit a copy of the state district court's order denying post-conviction relief. *See* Brief in Support of Petition, Attachment 5. The order makes specific reference only to ineffective assistance of trial and appellate counsel claims. It does not identify the basis for those claims. Based on the parties' representations, however, the Court treats the claims as having been fairly presented in the state courts.

IV.    **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standards of review apply to those grounds for relief raised by Petitioner that were adjudicated on the merits by the state courts. *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004); *Smallwood v. Gibson*, 191 F.3d 1257, 1264 (10th Cir.1999). Under AEDPA, this Court may grant Petitioner habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

In applying the deferential AEDPA standard, the court first determines whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court at the time of the state court judgment. *Turrentine*, 390 F.3d at 1189. If so, the court considers whether the state court decision was contrary to or an unreasonable application of  that clearly established federal law.  *Id*.  A decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be "diametrically different" and "mutually opposed" to the Supreme Court decision itself.  *Id*. at 406.   A state court decision involves an

"unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

In conducting this inquiry, the factual findings of the state trial and appellate courts are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Short v. Sirmons*, 472 F.3d 1177, 1184 (10th Cir. 2006) (*citing* 28 U.S.C. § 2254(e)(1)).

Even if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, the analysis is not complete. Unless the error is a structural defect in the trial that defies harmless-error analysis, we must apply the harmless-error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993), and *O'Neal v. McAninch*, 513 U.S. 432 (1995). *Turrentine*, 390 F.3d at 1189.

The AEDPA standard does not apply to issues not decided on the merits by the state court. *Turrentine*, 390 F.3d at 1189. Instead, such issues are decided on the basis of a *de novo* review. *Id*.

V.   **Analysis**

A.   **Ground One – Denial of Requested Self-Defense Instruction**

Petitioner first claims his federal due process rights were violated because the trial court refused his requested instruction on self-defense. Errors relating to jury instructions are not reviewable in a federal habeas action "unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Nguyen v. Reynolds*, 131 F.3d

5

1340, 1357 (10th Cir.1997). Thus, to prevail on this claim, Petitioner must demonstrate not only that the trial court should have given the instruction, but that his trial was rendered fundamentally unfair in the absence of the instruction.

The OCCA rejected this claim on direct appeal finding the evidence did not warrant the instruction under Oklahoma law. *See* Response, Exhibit 3, OCCA Summary Opinion at 3 ("When the record reveals no evidence of self-defense, the trial court is not bound to instruct the jury on that defense."). The OCCA based its holding on a number of factual findings:

> Here, the evidence showed the encounter at first was mutual. However, that encounter ended when Appellant left in his car and the victim put his gun away and went back to work. It was not until approximately five to ten minutes later that Appellant drove back to the salvage yard and fired one to two bullets into his unarmed brother. This was an entirely new encounter, in which Appellant was the aggressor and therefore his actions did not warrant a defense of self-defense.

*See id.* Applying Oklahoma law, the OCCA determined, based on these factual findings, that Petitioner was not entitled to the instruction. *See id.* ("If a person by provocative behavior initiates a confrontation, even with no intention of killing the other person, he loses the right of self-defense.") (*citing Allen v. State*, 871 P.2d 79, 93 (Okla. Crim. App. 1994)). Petitioner has failed to demonstrate by clear and convincing evidence that the OCCA's factual findings were incorrect. *See* 28 U.S.C. § 2254(e).

The victim, Eddie Bourne, testified that on June 21, 2001, he confronted Petitioner about a battery missing from his car. He was angry with Petitioner because things had been turning up missing from the salvage yard. Tr. Vol. 3 at 202, 203-205. Bourne banged on

6

Petitioner's door and Petitioner walked out showing Bourne his gun and admitting that he had taken the battery. Bourne told Petitioner he needed to leave the salvage yard. Tr. Vol. 3 at 205-206. Bourne then ran back to his trailer and retrieved a 9 millimeter handgun. He walked back towards the bus and fired a warning shot in the air. At the time he fired the shot, Petitioner was in front of his bus. Petitioner said he was leaving, and Bourne went back and put his gun up. Petitioner then got in his car and left the salvage yard. Tr. Vol. 3 at 207-209.

Bourne started doing some work around the salvage yard. Within five to ten minutes of Petitioner leaving, he came back through the gate of the salvage yard in his car, opened the car door, raised up out of the car and shot his gun at Bourne. One or two shots were fired. Bourne was hit in his arm and abdomen. Bourne then ran for his trailer and retrieved a sawed off shotgun. Tr. Vol. 3 at 213-215. He headed back towards the driveway and Petitioner approached him telling him to get in his car so that he could drive Bourne to the hospital. Bourne did not leave with Petitioner, and Petitioner drove off. Tr. Vol. 3 at 216-218.

Teresa Wadlow, Bourne's girlfriend, testified that she saw Petitioner leave the salvage yard and then a short time later heard "screeching, the tires squalling" and saw Petitioner's car come through the gate. She heard two shots fired. Tr. Vol. 3 at 255-257. Bourne then came to the trailer "holding his side and . . . bleeding" and asked her to hand him the sawed off shotgun. She handed him the shotgun, and Bourne walked back outside. She heard

7

Petitioner tell Bourne to get in his car and that he needed to go to the hospital.  Tr. Vol. 3 at 258-260.

Petitioner contends that at the time he shot Bourne, Bourne had already retrieved his shotgun and was holding it.  As supporting evidence, Petitioner relies on the fact that the shotgun was covered in blood when later found by police during a search of the premises.  Petitioner also relies on the stipulated testimony of Detective Hampton, the officer who interviewed Bourne a few days after the incident.  According to this testimony, Bourne stated to police that he had the shotgun with him at the time he was shot by Petitioner.  Bourne further stated to police that he did not point the shotgun or the handgun at Petitioner.  Tr. Vol 4 at 348-349.[3]

There is no evidence that Bourne was acting as the aggressor when Petitioner returned to the salvage yard and shot him.  Even if the record were construed generously in Petitioner's favor and Bourne was holding the shotgun at the time Petitioner fired the shot(s), the evidence fails to establish a right to a self-defense instruction under Oklahoma law.  *See Tyler v. Nelson*, 163 F.3d 1222, 1228 (10th Cir. 1999) (habeas petitioner failed to satisfy heavy burden that refusal to give self-defense instruction violated his federal due process rights where evidence did not support an instruction under state law).  The OCCA's decision that the evidence did not support a self-defense instruction is not contrary to or an

---

[3]Officer Johnson interviewed Bourne immediately after the shooting while Bourne was at the hospital.  At that time, Bourne made no mention of the shotgun.  Tr. Vol. 4 at 281-284.

unreasonable application of clearly established federal law, nor is it an unreasonable determination of the facts presented in the state court proceedings.

Petitioner further claims his constitutional right to present a defense was violated as a result of the trial court's refusal to give the requested self-defense instruction.[4] The Supreme Court has held that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988).[5] As discussed, however, Petitioner fails to demonstrate that the evidence at trial was sufficient to support this theory of defense. Therefore, he has failed to state a violation of his constitutional right to present a defense. Ground One of the Petition should be denied.

## B.   Ground Two – Trial Court's Refusal to Sever Counts

Petitioner next claims the trial court erred in refusing to sever Count 1, Assault and Battery with a Dangerous Weapon, from the remaining Counts.  Petitioner claims this error violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

----

[4] "The right to present a defense is anchored in the 'Fifth and Fourteenth Amendment right to due process and the Sixth Amendment right to compulsory process.'" *United States v. Rodriguez-Felix*, 450 F.3d 1117,1121 (10th Cir. 2006) (*quoting United States v. Solomon*, 399 F.3d 1231, 1239 (10th Cir. 2005)).

[5] The Tenth Circuit, in an unpublished decision, has refused to extend the holding in *Mathews* to habeas corpus actions.  *See Jackson v. Mullin*, No. 01-6131, 2002 WL 31053984 at *2 n.1 (10th Cir. Sept. 16, 2002) (unpublished op.) ("The decision in *Mathews* . . . was not based on the Constitution or federal habeas corpus principles [but] was based on federal common law and rules and the Supreme Court's supervisory power over direct appeals.  We therefore conclude the holding in *Mathews* does not control this habeas case.").

Petitioner committed the acts giving rise to the charge in Count 1 on June 21, 2001. Five days later, on June 26, 2001, police responded to a call regarding Petitioner as the suspect for this crime.  When police went to apprehend Petitioner, he fled in a vehicle. Ultimately, Petitioner was arrested.  Upon a search of Petitioner's vehicle, police discovered a gun and drugs.  Based on the events occurring on June 26, 2001, Petitioner was charged with Count 2 (Possession of a Firearm After Former Conviction of Two or More Felonies); Counts 3 and 4 (Possession of a Controlled Dangerous Substance) and Count 5 (Aggravated Attempt to Elude a Police Officer).

Petitioner moved to sever Count 1 from the remaining Counts but his motion was denied by the trial court. *See* Transcript of Proceeding Had On February 24, 2003, at 2-3. Petitioner claims joinder of the counts was prejudicial and denied him the right to present a defense.  Petitioner claims because of the joinder, he chose not to take the stand and testify. He claims this strategy was successful as to the drug charges brought in Counts 3 and 4 as he was acquitted of those charges.  Petitioner contends had he taken the stand, evidence of prior drug convictions could have been introduced and this evidence would have resulted in a conviction on the charges brought in Counts 3 and 4.  However, Petitioner contends because he did not take the stand, he was not able to give the jury his version of events as to the charge brought against him in Count 1 and, therefore, was prevented from establishing he acted in self-defense.

The OCCA rejected this claim on direct appeal.  As a matter of state law, the OCCA determined the trial court did not abuse its discretion in denying Petitioner's motion to sever.

The OCCA found that "Counts 2-5 were part of the *res gestae* of Count 1."  *See* OCCA Summary Opinion at 3.  The OCCA further determined the joinder did not deny Petitioner the right to present his defense of self-defense "as self-defense can be asserted and presented to the jury even if the defendant does not take the stand."  *See id*.

Any claim by Petitioner that the joinder was improper under state law is not a basis for federal habeas relief. *See Webber v. Scott*, 390 F.3d 1169, 1177 n. 5 (10th Cir. 2004) (*citing Fox v. Ward*, 200 F.3d 1286, 1292 (10th Cir. 2000)).  To state a constitutional violation based on improper joinder, Petitioner must establish that the resulting prejudice was so great as to deny him his right to a fair trial.  *Webber*, 390 F.3d at 1178 (citation omitted). "Such prejudice may arise when there is a great disparity in the amount of evidence supporting the charges or when the jury is likely to confuse the evidence or infer a criminal disposition on the part of the defendant." *Id*.

Here, Petitioner has failed to establish the requisite level of prejudice to support a constitutional violation premised on improper joinder.  Petitioner does not make an argument nor does the record support a showing that there was a great disparity in the amount of evidence supporting the various charges, nor is there any showing of likelihood of confusion or inference of criminal disposition.  The additional charges brought against Petitioner in Counts 2-5 resulted from Petitioner's attempt to elude arrest on the charge in Count 1.  Thus, the OCCA's determination that joinder was proper as part of the *res gestae* of the crime was correct as a matter of state law.  Even if joinder were improper, Petitioner was not denied the right to present the defense of self-defense.  Petitioner exercised a strategic decision not to

11

take the stand. His decision did not preclude his ability to cross-examine witnesses and offer additional evidence of his theory of self-defense. The OCCA's determination of this issue is not contrary to or an unreasonable application of federal law, and Ground Two of the Petition should be denied.

### C.   Ground Three – Sufficiency of the Evidence – Aggravated Attempt to Elude a Police Officer

Petitioner claims the evidence was insufficient to support the conviction for Aggravated Attempt to Elude a Police Officer. Petitioner specifically challenges the evidence with regard to the aggravated element of the charge, which requires proof of endangerment to another. *See* Okla. Stat. tit. 21, § 540A(B).[6] This element of the charge

---

[6]Section 540A provides in relevant part:

A. Any operator of a motor vehicle who has received a visual and audible signal, a red light and a siren from a peace officer driving a motor vehicle showing the same to be an official police, sheriff, highway patrol or state game ranger vehicle directing the operator to bring the vehicle to a stop and who willfully increases the speed or extinguishes the lights of the vehicle in an attempt to elude such peace officer, or willfully attempts in any other manner to elude the peace officer, or who does elude such peace officer, is guilty of a misdemeanor. . . . Violation of this subsection shall constitute a misdemeanor and shall be punishable by not more than one (1) year imprisonment in the county jail or by a fine of not less than One Hundred Dollars ($100.00) nor more than Two Thousand Dollars ($2,000.00) or by both such fine and imprisonment. A second or subsequent violation of this subsection shall be punishable by not more than one (1) year in the county jail or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00) or both such fine and imprisonment.

B. Any person who violates the provisions of subsection A of this section in such manner as to endanger any other person shall be deemed guilty of a felony punishable by imprisonment in the State Penitentiary for a term of not less than one (1) year nor more than five (5) years, or by a fine of not less than One Thousand

(continued...)

renders the offense punishable as a felony rather than a misdemeanor. *See id*. Rejecting this claim on direct appeal, the OCCA determined the evidence was sufficient to support the conviction. *See* OCCA Summary Opinion at 3.

On federal habeas review of the sufficiency of the evidence the proper inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hamilton v. Mullin*, 436 F.3d 1181, 1194 (10th Cir.2006) (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard respects the jury's province to weigh the evidence and draw reasonable inferences from the testimony presented at trial. *Id*. Because sufficiency of the evidence is a mixed question of law and fact both § 2254(d)(1) and (d)(2) deference is applied. *Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006). A federal habeas court must "defer to any determination of factual issues by the state court due to the presumption of correctness afforded by § 2254(e)." *Id*.

The evidence at trial established that Petitioner's mother called police approximately five days after the shooting to notify them that Petitioner was at her home. When the police officer arrived at the home, Petitioner's mother stated that he had left from the back of the

---

[6](...continued)
Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment.

Okla. Stat. tit. 21, § 540A.

house.  The officer spotted Petitioner leaving in a vehicle matching a description he had been given, made eye contact with Petitioner, and motioned him to stop.  Petitioner accelerated rapidly through the nearby intersection.  The officer got into his car and engaged his lights and siren.  Petitioner swerved and accelerated around a corner making a wide turn and sliding.  Children were in a yard near the intersection where Petitioner had turned.  Tr. Vol. 4 at 292-295.

As the OCCA found, this evidence is sufficient to establish that Petitioner endangered others as he attempted to elude the police officer.  Petitioner has failed to meet his burden of proving that no rational trier of fact could have found Petitioner guilty beyond a reasonable doubt.  The OCCA's determination of this issue is not contrary to or an unreasonable application of Supreme Court precedent nor is it an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Ground Three of the Petition should be denied.

**D.    Ground Four – Instructional Error – Lesser Included Misdemeanor Offense**

Related to the claim raised in Ground Three of the Petition, in Ground Four Petitioner claims the jury should have been instructed on the lesser included misdemeanor offense, attempting to elude a police officer.  Petitioner claims failure to do so rendered his trial fundamentally unfair and denied him due process of law.  The OCCA rejected this claim on direct appeal stating: "the trial court properly denied the requested instruction on the lesser included misdemeanor offense of attempting to elude a police officer as the uncontradicted

evidence showed Appellant attempted to elude the officer by driving through the residential neighborhood in a manner that endangered others." *See* OCCA Summary Opinion at 4.

As elicited in relation to Ground Three of the Petition, the evidence did not warrant the lesser included offense instruction and, therefore, the OCCA's determination of the issue was reasonable. Moreover, neither the United States Supreme Court nor the Tenth Circuit Court of Appeals has recognized a federal constitutional right to a lesser included offense instruction in a non-capital case. *See Tiger v. Workman*, 445 F.3d 1265, 1268 (10th Cir. 2006). Therefore, Petitioner has failed to state a claim for habeas relief. *See Lujan v. Tansy*, 2 F.3d 1031, 1036-37 (10th Cir. 1993) ("a petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction 'even if . . . there was sufficient evidence to warrant the giving of an instruction on a lesser included offense'")(citations omitted)); *see also Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (same conclusion). Ground Four of the Petition should be denied.

### E.    Ground Five – Other Crimes Evidence

Petitioner challenges, on due process grounds, the admission of evidence which he contends was improper other crimes evidence.[7] Petitioner is entitled to federal habeas relief only if he can demonstrate the other crimes evidence introduced is so unduly prejudicial that

---

[7]State law evidentiary rulings are not subject to review in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). To the extent Petitioner challenges the admission of other crimes evidence under state evidentiary laws, his claim is rejected.

it renders the trial fundamentally unfair.  *See Welch v. Sirmons*, 451 F.3d 675, 688 (10th Cir.

2006).  "[T]his standard is satisfied only if 'the probative value of [the challenged] evidence

is . . . greatly outweighed by the prejudice flowing from its admission. . . .'"  *Id.* (*quoting*

*Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002)).

Petitioner first claims error with respect to testimony elicited from the victim, Eddie

Bourne.  The prosecutor asked Mr. Bourne whether he had spoken to Petitioner about the

incident since it occurred.  Mr. Bourne responded: "He called over to the wrecker service

from the penitentiary, and he apologized."  Tr. Vol. 3 at 230.  Petitioner's counsel objected

to the victim's reference to the penitentiary and both parties agreed with the trial court that

an admonishment would draw undue attention to the statement.  Instead, the prosecutor

attempted to correct any error by stressing in follow-up questions the fact that Petitioner was

in jail on the charges.  Tr. Vol. 3 at 232-233.  The OCCA rejected this claim of error on

direct appeal finding that "the reference by the victim to Appellant being in jail was at worst

merely a suggestion of another crime, which without more, will not trigger the general rules

regarding the admission of other crimes evidence."  *See* OCCA Summary Opinion at 4.

The result reached by the OCCA is not contrary to or an unreasonable application of

the due process principles governing Petitioner's claim.  The brief reference to Petitioner

calling from the penitentiary was not so prejudicial as to render Petitioner's trial

fundamentally unfair.  *Compare Scrivner v. Tansy*, 68 F.3d 1234, 1239-1240 (10th Cir. 1995)

(unsolicited accomplice testimony referencing other crimes accomplice had been involved

in with petitioner was not so prejudicial as to violate petitioner's due process rights).

16

Petitioner also contends that during the second stage of his bifurcated trial, the trial court admitted docket sheets which contained prejudicial other crimes evidence. Petitioner claims State's Exhibits 41, 44 and 45 contained information about a probation violation and revocation of a suspended sentence. This evidence was admitted as proof of Petitioner's two prior felony convictions in conjunction with the judgments and sentences entered in those cases. Specifically, the prosecution offered the docket sheets as proof that the cases were final, and not on appeal, and further that Petitioner was represented by counsel in each of these cases. Tr. Vol. 4 at 403. Defense counsel made no objection to the admission of this evidence. *Id.* Rejecting this claim on direct appeal, the OCCA found "no plain error in the admission of docket sheets, which included references to parole and revocation, as Appellant did not request the references be excised." *See* OCCA Summary Opinion at 4.

Petitioner has failed to demonstrate that the admission of this evidence was so prejudicial when viewed in the context of the trial as a whole as to render his trial fundamentally unfair. *See Scrivner* 68 F.3d at 1239-1240. As the OCCA found, Petitioner "received the statutory minimum sentences in Counts 2 and 5 and only ten years above the statutory minimum sentence in Count 1." *See* OCCA Summary Opinion at 4. Ground Five of the Petition is without merit and should be denied.[8]

---

[8]Petitioner also challenges the statutory basis for the enhancement of his sentence as to Count 2, Possession of a Firearm After Former Conviction of a Felony. *See* Petitioner's Brief in Support at 42. As such challenge involves an issue of state law, it is not cognizable in this federal habeas action.

### G.    Ground Six – Cumulative Error

Petitioner claims that the cumulative error arising out of the claims raised in Grounds One through Six of the Petition entitles him to federal habeas relief.  Petitioner raised this claim on direct appeal and the OCCA found Petitioner "was not denied a fair trial by the accumulation of errors."  *See* OCCA Summary Opinion at 5.

This Court has reviewed the claims raised in Grounds One through Five of the Petition and found no error.  In reviewing a claim of cumulative error, the court may only consider actual errors for purposes of determining whether a due process violation has occurred.  *See Le v. Mullin*, 311 F.3d 1002, 1023 (10th Cir. 2002) ("[A] cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.") (*citing United States v. Rivera*, 900 F.2d 1462,1470-71 (10th Cir. 1990).  *See also Workman v. Mullin*, 342 F.3d 1100,1116 -1117 (10th Cir. 2003) ("Workman's sentence cannot be unconstitutional due to cumulative error because we have not found that the district court committed error.").  Therefore, Petitioner's cumulative error claim is without merit. Ground Six of the Petition should be denied.

### H.    Grounds Seven through Ten – Procedural Bar

Petitioner's remaining four grounds for relief are premised on Petitioner's claim that newly discovered evidence establishes his actual innocence and that he was incompetent to stand trial.  As previously stated, Petitioner did not raise these grounds for relief on direct appeal but instead raised these claims for the first time during state post-conviction

proceedings.[9] The state district court denied Petitioner's application for post-conviction relief and Petitioner filed an appeal of the district court's order.  The OCCA declined to exercise jurisdiction and dismissed the appeal as untimely pursuant to Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2005).[10]  *See* Response, Exhibit 4, OCCA Order Declining Jurisdiction.  The OCCA advised Petitioner that if he could establish the untimeliness of the appeal was through no fault of his own, he could file an application for post-conviction relief seeking an appeal out of time.  *See id.*, footnote 1.

Petitioner filed a post-conviction request for an appeal out of time and that request was denied by the state district court.  Petitioner then appealed the district court's denial to the OCCA.  The OCCA again found Petitioner's appeal was untimely filed and entered an order declining to exercise jurisdiction and finding the appeal procedurally barred pursuant to Rules 5.2(C)(2) and (5).  *See* Response Exhibit 5, OCCA Order Declining Jurisdiction and

---

[9]*See* discussion, *supra*, footnote 2.

[10]Rule 5.2(C) provides in pertinent part:

(2) A petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED must be filed with the Clerk of this Court. The petition in error shall state the date and in what District Court the Notice of Post-Conviction Appeal was filed. f the post-conviction appeal arises from a misdemeanor or regular felony conviction, the required documents must be filed within thirty (30) days from the date the final order of the District Court is filed with the Clerk of the District Court. . . .

* * *

(5) Failure to file a petition in error, with a brief, within the time provided, is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for this Court to consider the appeal.

Dismissing Attempted Post-Conviction Appeal. Respondent contends, therefore, that the claims raised in Grounds Seven through Ten of the Petition are procedurally barred from federal habeas review.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  The Tenth Circuit has found that the procedural bar set forth in Rule 5.2(C) is an independent and adequate state ground sufficient to preclude federal habeas review.  *See Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998). *See also Webster v. Attorney General of the State of Oklahoma*, No. 06-6207, 2007 WL 80725 at *3 (10th Cir. Jan. 12, 2007) (unpublished op.) (upholding procedural bar on ground that petitioner failed to seek timely appellate review of denial of post-conviction relief as required by OCCA Rule 5.2(C)).

Procedurally defaulted claims may nonetheless be reviewed if the petitioner can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

Petitioner has failed to demonstrate cause for the procedural default.  He does not explain the reasons for the untimeliness of his post-conviction appeals.[11]  Instead, he attempts to raise claims of ineffective assistance of trial and appellate counsel contending these claims cannot be procedurally barred.

Petitioner erroneously relies on Tenth Circuit case law finding Oklahoma's procedural bar pursuant to Okla. Stat. tit. 22, §1086 is, under certain circumstances, inadequate as to claims of ineffective assistance of counsel.  *See, e.g., Breechen v. Reynolds*, 41 F.3d 1343 (10th Cir. 1994).  Section 1086 bars claims that could have been raised on direct appeal and were not.  In Petitioner's case, however, the procedural bar applied by the OCCA arose pursuant to Rule 5.2 which imposes a thirty-day time limit on filing an appeal of the district court's denial of post-conviction relief.  Therefore, Petitioner's argument is misplaced.  The Tenth Circuit has held that Oklahoma's procedural bar pursuant to Rule 5.2(C) for untimely filing an appeal of a denial of post-conviction relief is an adequate state procedural bar barring federal habeas review of ineffective assistance of counsel claims.  *See, e.g.,*

---

[11]Under Oklahoma law, an untimely filing made in the course of post-conviction proceedings may be excused if the prisoner can establish the untimely filing was through no fault of his own. *See* Okla. Stat. tit. 22, § 18 app. Rule 2.1(E)(1). In responding to Respondent's Motion to Dismiss, Petitioner submitted pleadings filed in state court that alleged his untimely filings resulted from difficulties he faced obtaining a pauper's affidavit from prison officials. *See* Brief in Support of Motion to Dismiss [Doc. #10], Exhibit 2, Pro Se Application for Post-Conviction Relief (Request for Recommendation of Appeal Out of Time). The state district court denied Petitioner's request for an appeal out of time. *See id.*, Exhibit 3, Order Denying Petitioner's Request for an Appeal Out of Time. The state district court necessarily found, therefore, that Petitioner failed to establish the untimely filing was through no fault of his own. The state court's factual findings are presumed correct pursuant to 28 U.S.C. § 2254(e)(1). *See Webster v. Attorney General of the State of Oklahoma*, *supra*, 2007 WL 80725 at * 3 (Oklahoma state court's finding that untimely appeal was denied due to petitioner's own fault is presumed correct for purposes of determining whether petitioner has alleged cause sufficient to overcome procedural default).

*Bridgeforth v. Ward*, 88 Fed. Appx. 291, 295 (10th Cir. 2004) (unpublished op.) (*citing*

*Duvall v. Reynolds*, 139 F.3d at 797); *Johnson v. Champion*, 288 F.3d 1215, 1227 n.3 (10th

Cir. 2002).  To the extent Petitioner relies on ineffective assistance of counsel as cause for

his untimely filing, he likewise has failed to overcome the procedural bar as Petitioner had

no right to counsel during post-conviction proceedings. *See Coleman*, 501 U.S. at 757.

Petitioner has also failed to demonstrate that failure to consider his claims will result

in a fundamental miscarriage of justice. To show a fundamental miscarriage of justice will

occur, Petitioner must demonstrate a constitutional violation "probably resulted in the

conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 322 (1995).

In Ground Seven, Petitioner contends that an affidavit signed by the victim, Eddie

Bourne, after the completion of his direct appeal, constitutes newly discovered evidence and

establishes his actual innocence.  Bourne attempts to recant his trial testimony.  He now

states he was holding his shotgun at the time Petitioner shot him.  He also states his

testimony that Petitioner left and came back was "not the truth." *See* Brief in Support of

Petition, Attachment 4, Affidavit of Eddie Joe Bourne.  Bourne contends he was pressured

by the district attorney's office into giving false testimony in exchange for reduced charges

for possession of a sawed off shotgun.

Petitioner contends as a result of the prosecutor's misconduct in offering coerced

testimony of Bourne, he was denied the ability to present his defense of self-defense.

Petitioner's claim is insufficient to overcome the procedural bar on grounds of actual

innocence.  The Tenth Circuit has stated that a claim that one acted in self defense is a claim

of legal innocence, not factual innocence, and is therefore an insufficient basis for invoking the fundamental miscarriage of justice exception. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n. 1 (10th Cir. 2002); *see also Brown v. Gibson*, 7 Fed. Appx. 894, 906 (10th Cir. 2001) (unpublished op.) (petitioner's claim that he acted in self defense addresses legal not factual innocence and is insufficient to invoke the fundamental miscarriage of justice exception to procedural bar).

In Grounds Eight through Ten, Petitioner alleges he was incompetent to stand trial and raises claims that both his procedural and substantive due process rights were violated. He also claims trial and appellate counsel rendered ineffective assistance by failing to investigate and raise issues of competency.

"A competency claim based upon procedural due process involves a defendant's constitutional right, once a bona fide doubt has been raised as to competency, to an adequate state procedure to insure that he is in fact competent to stand trial." *Barnett v. Hargett*, 174 F.3d 1128, 1133-34 (10th Cir.1999). Petitioner claims the trial judge was put on notice that competency was an issue, but failed to order a mental evaluation prior to trial.

Petitioner alleges he had been found disabled by the Social Security Administration (SSA) and deemed eligible to receive supplemental security income benefits. He claims his brother, Randel Short, was prepared to testify that he received the benefits on behalf of Petitioner because Petitioner had been found "not capable of functioning on his own." Petitioner claims defense counsel failed to call Randel Short to testify at trial.

23

As evidence of mental incompetency, Petitioner attaches two letters from the SSA addressing his eligibility for benefits. These letters do not disclose the basis for the disability determination. They make no reference to the medical impairment (physical or mental) supporting the disability determination. Petitioner also attaches an affidavit of Randel Short. *See* Brief in Support of Habeas Petition, Attachment 3, Affidavit of Randel Short. In conclusory fashion, Mr. Short states Petitioner received supplemental security income benefits due to his mental disability and inability to take care of matters for himself. He adds that Petitioner was not competent at the time of the commission of the crime or at trial. Mr. Short does not disclose the nature of Petitioner's mental disability.[12] Petitioner does not attach any medical evidence of his alleged mental impairments to support his competency claims. Petitioner's allegations are insufficient to support application of the fundamental miscarriage of justice exception. His claims alleging violations of his procedural due process rights and his claims of ineffective assistance of trial and appellate counsel, therefore, are procedurally barred.

In seeking dismissal of the claims raised in Grounds Seven through Ten, Respondent has not distinguished Petitioner's procedural due process challenge to competency from his substantive due process challenge. However, unlike a procedural due process challenge, a substantive due process challenge is not subject to procedural bar. *Rogers v. Gibson*, 173

---

[12]Petitioner's mother has filed a letter with the Court in which she attributes his mental problems to living on a toxic waste site and using drugs. *See* Letter [Doc. #32]. She does not identify the basis for Petitioner's disability determination or provide any medical evidence of his alleged mental incompetency.

F.3d 1278, 1289 (10th Cir. 1999); *see also Smallwood v. Gibson*, *supra*, 191 F.3d at 1279 (accord).  To state a substantive due process competency claim, a petitioner must present clear and convincing evidence that a "real, substantial, and legitimate doubt" exists regarding his competency to stand trial. *Smith v. Mullin,* 379 F.3d 919, 932 (10th Cir. 2004) (citation and internal quotation marks omitted).

As discussed, the evidence Petitioner has submitted in support of his claim of mental incompetency is conclusory.  Petitioner has not met his burden to show a real, substantial and legitimate doubt as to his competency to stand trial.  This claim, therefore, is without merit and should be denied.

## IV.     Request for Evidentiary Hearing

Throughout Petitioner's filings, Petitioner urges this Court to conduct an evidentiary hearing.  "Under the AEDPA, a court cannot hold an evidentiary hearing unless (1) the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered, and (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable jury would have found the petitioner guilty."  *Bland v. Sirmons*, 459 F.3d 999, 1033 (10th Cir. 2006) (*citing* 28 U.S.C. § 2254(e)(2)).  If, however, a habeas petitioner has diligently sought to develop the factual basis underlying his habeas petition but the state court has prevented him from doing so, the pre-AEDPA standard governs the determination as to whether to grant an evidentiary hearing.  *Id.*  Under that standard, a habeas petitioner is entitled to an evidentiary

hearing if "his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998).

Petitioner claims he requested an evidentiary hearing in state court but his request was ignored. Petitioner has not submitted state court records demonstrating that he made such request. Even applying the more lenient pre-AEDPA standard, however, Petitioner is not entitled to an evidentiary hearing. Accepting his allegations as true, the allegations are insufficient to show his entitlement to habeas relief. His request, therefore, should be denied.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by March __20th__, 2007. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this __28th__ day of February, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE