**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES ELLIS SHORT, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO.  CIV-06-0582-HE |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Respondent. ) | |

### **ORDER**

Petitioner James Ellis Short, a state inmate appearing *pro se*, instituted this action under 28 U.S.C. § 2254 seeking habeas relief and, consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch. The magistrate judge has recommended that the petition be denied.

The petitioner was convicted by a jury of assault and battery with a dangerous weapon (Count 1), possession of a firearm (Count 2), and aggravated attempt to elude a police officer (Count 5), all after former conviction of two or more felonies.  He was sentenced to thirty years imprisonment on Count 1, twenty years imprisonment on Count 2, and twenty years imprisonment on Count 3, all to run concurrently.  The convictions and sentences were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA").  When the petitioner subsequently sought relief through state post-conviction proceedings, relief was denied on procedural grounds.

The petitioner asserts ten grounds for relief in his habeas petition.  Six of the grounds were raised on direct appeal.  The remaining were raised in post-conviction proceedings and

denied as being procedurally barred. The magistrate judge applied the deferential AEDPA[1] standard to the grounds the state courts adjudicated on the merits and recommended they be denied. She then concluded, with one exception, that the petitioner's remaining claims (grounds seven through ten of the habeas petition) were procedurally barred because the petitioner had failed to demonstrate cause for the default or demonstrate that failure to consider those claims would result in a fundamental miscarriage of justice.

The magistrate judge noted that the respondent had not distinguished between the petitioner's procedural due process challenge to competency, which could be procedurally barred, from his substantive due process challenge which is not subject to procedural bar. However, she found that the petitioner had failed to meet his burden of showing that "a real, substantial, and legitimate doubt exists regarding his competency to stand trial." Report and Recommendation, p. 25 (internal quotation omitted). Therefore, the magistrate judge concluded that the petitioner's claim that his substantive due process rights were violated because he was not competent to stand trial lacked merit and should be denied. She also recommended that the petitioner's request for an evidentiary hearing be denied.

The petitioner filed an objection in which he failed to address the Report and Recommendation, contending instead that, because of a mental disability, he misunderstood the court's prior order recommending that he file an amended petition from which he had deleted his unexhausted claims. He asks leave of court to do that now.

As the petitioner previously advised the court that he had "exhausted his state court

---

[1]*Antiterrorism and Effective Death Penalty Act of 1996.*

remedies," [Doc. #20] and the magistrate judge proceeded to address all his claims, his request is denied. Despite the absence of an objection by the petitioner, the court has, however, considered de novo the petitioner's claims and concurs with Magistrate Couch's analysis of them.

Accordingly, the court adopts Magistrate Judge Couch's thorough and well-reasoned Report and Recommendation, and **DENIES** the petition for writ of habeas corpus. The petitioner's request for an evidentiary hearing also is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of April, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE